■ In the Matter of JOANNE WALSH, Respondent, as Beneficiary under a Certain Trust Agreement made between Bertha Weill and Another as Grantors, and the President and Directors of the Manhattan Company and Another, as Trustees. ALINE WARNER et al., Trustees, Appellants.— Order entered on February 7, 1962 unanimously modified on the law and on the facts, and in the exercise of discretion, to the extent (1) of reducing the allowances to the Referee from $7,500 to $3,500 and of the attorney for petitioner from $10,000 to $5,000, said allowances, as reduced, to be paid by the trustees of the August 4, 1960 trust in the first instance from income or accumulated income of that trust and then, to the extent that income and accumulated income is insufficient for the purpose, from the principal of said trust; and (2) of eliminating the provision of the order requiring that the interim payments to be made to petitioner be made by check payable to her attorney and directing that such payments be made directly to petitioner; and as so modified, the order is affirmed, with costs to petitioner-respondent and the special guardian payable by respondents-appellants personally. Under all the circumstances of this case, the allowances to the Referee and attorney for petitioner were, in our opinion, excessive, and should be reduced to the sums indicated above. In addition, we see no good reason for requiring that payments to petitioner be routed through her attorney, and have concluded that proper and orderly procedure should permit the payments to be made directly to the petitioner. In view of the foregoing disposition, the appeal from the order entered October 17, 1961, appointing the Referee to hear and report, is dismissed, as academic. Order entered August 22, 1961, denying respondent-appellants' motion to dismiss the proceeding on the ground that another proceeding was pending involving the same parties and the same subject matter, unanimously affirmed, with costs to petitioner-respondent and the special guardian, payable by respondents-appellants personally. Settle order on notice. Concur — Breitel, J. P., Valente, Stevens, Eager and Steuer, JJ.

■ MERLE LEFKOWITZ (Formerly MERLE BAZAR), Respondent, v. SHEILA GROSSWALD, Individually and as Executrix of LEWIS W. BAZAR, Deceased, Appellant.— Order, entered on March 21, 1962, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Stevens, Eager, Steuer and Bergan, JJ.

■ GRENCO SERVICES, INC., Respondent, v. ROYAL INDEMNITY INSURANCE COMPANY, Appellant, et al., Defendant.— Order, entered on March 1, 1962, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Stevens, Eager, Steuer and Bergan, JJ.

■ BAR STEEL CONSTRUCTION CORP., Appellant, v. MERRITT-CHAPMAN & SCOTT CORPORATION, Respondent.— Order, entered on April 30, 1962, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Stevens, Eager, Steuer and Bergan, JJ.